UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00715-SVW-MAN | Date | March 11, 2013 |
|---|---|---|---|
| Title | Anthony Bonenfant et al v. Jose Campoy et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**    IN CHAMBERS ORDER re:
[5]    Declaration of Michael A. Brennan

**I.    INTRODUCTION**

On December 14, 2012, Plaintiffs Anthony and Mary Bonenfant ("Plaintiffs") filed the instant unlawful detainer action in Los Angeles Superior Court against Defendants Jose Campoy and Maria Garcia (collectively "Defendants"), for failure to vacate the premises located at 20430 Mendon Place, Chatsworth, CA, 91311.  (Notice of Removal (Dkt. 1), Ex. B).  Plaintiffs requested possession of the premises, past-due rent of $1,081.66, damages of $18.33 per day for each day Defendants remained in possession after January 1, 2013, forfeiture of the lease, and reasonable attorneys' fees.  (Id.).  On January 16, 2013, the Los Angeles County Superior Court entered a default judgment against Defendants and awarded the restitution and possession of the premises to Plaintiffs.  (Brennan Decl. ¶ 6, Ex. 2).

On February 1, 2013, Defendants filed a Notice of Removal of the state court action on the basis of diversity jurisdiction and violation of Defendant' due process and equal protection rights under the Fourteenth Amendment.  (Dkt. 1).  For the reasons below, removal is improper, and the matter is REMANDED to state court.

**II.    DISCUSSION**

Where a case has been removed, a federal court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00715-SVW-MAN | Date | March 11, 2013 |
|---|---|---|---|
| Title | Anthony Bonenfant et al v. Jose Campoy et al | | |

JS - 6

judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A.     Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal citations and quotation marks omitted). However, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).

Defendant has failed to establish federal question jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. 11–01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011). Defendant removed this case on the ground that its Fourteenth Amendment rights have been violated. Even if this raised a federal defense, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005). Therefore, the Court lacks federal question jurisdiction.

### B.     Diversity Jurisdiction

Neither does the Court have diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. 1332(a). However, a civil action may not be removed on the basis of diversity jurisdiction where any removing defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Because Defendants are citizens of California, removal on the basis of diversity jurisdiction is improper. Further, and at any rate, the requested damages of $18.33 per day beginning on January 1, 2013, and costs of

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-00715-SVW-MAN | Date | March 11, 2013 |
|---|---|---|---|
| Title | Anthony Bonenfant et al v. Jose Campoy et al | | |

JS - 6

suit, fall short of the $75,000.00 requirement.  Therefore, the Court cannot exercise diversity jurisdiction.

**III.     CONCLUSION**

Defendant has failed to carry the burden of establishing that removal is proper, as the Notice of Removal does not state a federal question raised by the Complaint, and does not meet the diversity jurisdiction requirements.  The action is REMANDED forthwith to Los Angeles County Superior Court.

                                                                                                  :
                                          Initials of Preparer          PMC